**Gonzalo RAMIREZ–LLAMAS,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 03–71269, 05–74891.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Ernesto H. Molina, Jr., Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Gonzalo Ramirez–Llamas, a native and citizen of Mexico, petitions for review of two orders of the Board of Immigration Appeals ("BIA") denying successive mo-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition in No. 03–71269, and deny the petition in No. 05–74891.

In No. 03–71269, the BIA did not abuse its discretion denying reopening on the ground that Ramirez–Llamas is statutorily ineligible for adjustment of status. *See* 8 U.S.C. § 1229c(d)(1)(B) (alien who fails to abide by grant of voluntary departure shall be ineligible for adjustment of status for 10 years); *see also de Martinez v. Ashcroft,* 374 F.3d 759, 763 (9th Cir.2004) (motion to reopen for adjustment of status properly denied where petitioner filed after expiration of voluntary departure period).

We lack jurisdiction to review Ramirez–Llamas' contention regarding administrative closure because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court generally lacks jurisdiction to review contentions not raised before the agency).

In No. 05–74891, the BIA did not abuse its discretion in concluding that Ramirez–Llamas failed to meet the standards for reopening, because the record indicates he discovered his prior counsel's ineffective assistance, reviewed his file, and met with current counsel prior to filing his October 18, 2002 motion to reopen. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the denial of a motion to reopen will be reversed only if arbitrary, irrational, or contrary to law).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

In No. 03–71269, PETITION FOR REVIEW DENIED in part; DISMISSED in part.

In No. 05–74891, PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.